People v Cambridge (2019 NY Slip Op 00615)





People v Cambridge


2019 NY Slip Op 00615


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-11852
 (Ind. No. 7701/16)

[*1]The People of the State of New York, respondent,
v
Steven Cambridge, appellant.


Paul Skip Laisure, New York, NY (Anjali Biala of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Victor Barall of counsel; Robert Ho on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a resentence of the Supreme Court, Kings County (Danny K. Chun, J.), imposed August 30, 2017, on the ground that the resentence was excessive.
ORDERED that the resentence is affirmed.
The defendant's waiver of his right to appeal was invalid, because the record does not demonstrate that the defendant understood the distinction between the right to appeal and the rights automatically forfeited by a plea of guilty (see People v Chevoy, 167 AD3d 768; People v Castillo, 159 AD3d 1016). Although the defendant executed a written waiver form, the Supreme Court never elicited from the defendant that he had read and understood the document before signing it (see People v Gomez, 166 AD3d 1006, 1007; People v Castillo, 159 AD3d 1016). Thus, the purported waiver does not preclude review of the defendant's excessive sentence claim. However, the resentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court